UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                       NO. 02-00201

KEVIN COUNTY                                 SECTION "S" (4)

ORDER AND REASONS

**IT IS ORDERED** that Kevin County's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Document 228) is hereby **DENIED**.

**A.    Background.**

On June 21, 2002, the government filed a nineteen count indictment against County, alleging that he participated in a conspiracy to distribute more than 50 grams of cocaine base and a conspiracy to distribute less than 500 grams of cocaine hydrochloride. On October 11, 2002, the government filed a Bill of Information to Establish Prior Convictions pursuant to 21 U.S.C. §§ 841 and 851(a) (Document 82), alleging that County had previously pleaded guilty to conspiracy to distribute cocaine hydrochloride. The Bill contained no certificate of service.

On October 15, 2002, County pleaded guilty to all counts of the indictment without a plea agreement. The government had not informed the court that it had filed a Bill to enhance

1

County's sentence due to his previous conviction, and the Assistant United States Attorney (AUSA) had advised the court in an October 10, 2002 letter that the maximum possible sentence County faced under Counts 1, 5, 6, and 7 of the indictment was life, with a mandatory statutory minimum sentence of 10 years. The court advised County that this was the sentence he faced.

On January 15, 2003, County appeared before the court for sentencing. Prior to that time, County's counsel, Rudy Gorrell, had objected to the enhancement of his sentence pursuant to the Bill, arguing that he had not been properly served with it and had only to received an unsigned copy. The AUSA stated on the record that he had served County's attorney with a signed, clocked copy of the Bill by handing it to him at the rearraignment. The court continued County's sentencing to March 26, 2003 and directed the AUSA to serve the Bill on County's attorney and to file it into the record with a certificate of service.

The AUSA did not re-serve County with the Bill. On March 26, 2003, County's attorney again objected that the Bill had been improperly served. Relying on *United States v. Cevallos*, 538 F.2d 1122 (5th Cir. 1976), the government argued that handing a copy of the Bill to County's counsel constituted proper service.[1] Although the court determined that *Cevallos* did not endorse the government's position, the court found, based on the representations by the AUSA, that County's counsel was properly served by hand.

Additionally, because the court wished to ensure that County's guilty plea was knowing and voluntary, it advised County of the sentence he faced as a result of the enhancement, and

---

[1] The government contends that County was also aware of the 20 year statutory minimum sentence because the AUSA informed him of this mandatory minimum sentence prior to the time he pleaded guilty. However, this is contradicted by the fact that the government notified the court immediately prior to the rearraignment that County faced only a 10 year mandatory minimum sentence.

gave him the option to withdraw his plea:

> [B]ecause I was not informed that the Bill had been filed, I advised Mr. County [at his rearraignment] that he faced a sentence that did not include the enhancement and, therefore, it is doubtful that the plea was knowing and voluntary.
>
> So, at this time, I have to ask Mr. County if he wants to set aside his plea. Let me tell you that, because you committed your offense after a prior conviction for a drug felony offense had become final, the mandatory minimum sentence under the statute, as to Counts 1, 5, 6, and 7 is 240 months, which becomes the guideline sentence under 5(g)1.1(b).
>
> Additionally, due to your prior felony drug conviction, the term of supervised release for these counts is increased from not less than five years, as you were informed at your re-arraignment, to not less than ten years.
>
> So, you have the right to withdraw your plea at this time or you can go forward with sentencing. I suppose you need to have a conversation with your attorney and make that decision – understanding that I am making a specific finding that service was appropriate.[2]

County was specifically advised that as to Counts 1, 5, 6, and 7, he faced a term of imprisonment from 20 years to life; that as to Counts 2, 3, and 4, he faced a term of imprisonment from 10 years to life; that as to Count 8, he faced a maximum term of imprisonment of 30 years; and that as to Counts 9 through 19, he faced a maximum term of imprisonment of 8 years. County was also advised of the fine and terms of supervised release he faced on each count.[3]

The court discussed County's intentions with his counsel:

> MR. GORRELL: Your Honor, I have now advised my client not to withdraw his plea, go on and waive what the Court has determined the oversight, because the Court wasn't informed as to the amount of time, as to what the Court –
>
> THE COURT: Mr. Gorrell, have you previously instructed your client of what sentencing he faces with the enhancement?

---

[2] Sentencing Transcript, March 26, 2003, at pp. 5-6.

[3] *Id.* at pp. 6, 10.

>    MR. GORRELL:  Yes, only as to the guidelines, Your Honor, as it relates from the Probation Officer.
>
>    THE COURT:  Do you think that the plea that he entered was knowing and voluntary, based on that?
>
>    MR. GORRELL:  Yes, Your Honor, and I'll go on the record, because at the time Mr. County had refused to participate in any pre -- plea bargain or anything else.  This is what he wanted to do from day one.[4]

The court again gave County the option of withdrawing his guilty plea.  County's counsel informed the court that he had spoken to County "to make sure that he was aware that there is a possibility of 20 to life," and had informed him that if he withdrew his plea, "the Government has the right to start all over from point one and probably serve him properly."[5]  County then informed the court, "I'm going to go on with it, Your Honor.  I'm going to go on with it, Your Honor."[6]  The court sentenced County to a term of 240 months, the mandatory minimum statutory sentence, on Counts 1 through 8 and 96 months on Counts 9 through 19, all such terms to run concurrently.  The court entered judgment reflecting this sentence on March 21, 2003.[7]

County's counsel did not file an appeal from his conviction and sentence.  On May 19, 2003, County filed a *pro se* motion for leave to file an out-of-time appeal, which was denied on June 26, 2003.[8]  The Federal Public Defender (FPD) was appointed to represent County.  On October 2, 2003, the FPD filed a § 2255 motion, arguing that County's counsel was ineffective in

---

[4]   *Id.* at p. 9.

[5]   *Id.* at p. 12.

[6]   *Id.*

[7]   Document 168.

[8]   Document 199.

(1) failing to file a notice of appeal, (2) advising County to plead guilty without investigation, and (3) advising County not to withdraw his guilty plea when the court offered him the opportunity to do so.[9]  On November 25, 2003, County and the government jointly moved the court to allow County an out-of-time appeal, to dismiss County's claim for ineffective assistance based on his counsel's failure to appeal, and to stay County's remaining claims until the return of the record following a direct appeal.  The court granted the joint motion on November 26, 2003.[10]     County thereafter appealed, and on August 3, 2004, the United States Court of Appeals for the Fifth Circuit affirmed County's sentence, finding:

> County contends that the government's "last-minute" delivery to defense counsel of a copy of the notice of enhancement shortly before County's rearraignment was insufficient under 21 U.S.C. § 851(a).  County relies on *Untied States v. McCoy*, 1996 WL 351309 (S.D.N.Y. 1996), in support of his argument.
>
> The enhancement for County's prior conviction for conspiracy to distribute cocaine hydrochloride increased his mandatory minimum sentence on several counts from 10 years' to 20 years' imprisonment.
>
> \*     \*     \*
>
> In the instant case, County concedes that the government hand-delivered a copy of the notice of enhancement to his counsel shortly before the entry of his guilty plea. The district court did not err in concluding that service had been accomplished "prior to" the entry of the guilty plea in accordance with 21 U.S.C. § 851(a)(1).
>
> County's reliance on *McCoy* is misplaced because in *McCoy* neither the defendant nor his counsel had received a copy of the notice of enhancement prior to trial.  In addition, in the instant case, the district court did not endorse the method in which the Government served County and recognized that it had misadvised County with respect to his mandatory minimum sentence.  As a result, the district court gave County an opportunity to withdraw his guilty plea.  County elected to waive the court's misadvisement and enter his guilty plea.  Although these additional precautions are not

---

[9]   Document 228.

[10]  Document 238.

essential to our decision, we conclude that the district court did not err in holding sufficient the Government's service on County prior to the entry of his plea under § 851(a)(1).[11]

County filed a petition for writ of certiorari with the United States Supreme Court, which was denied on November 5, 2004. *County v. United States*, 125 S.Ct. 455, 160 L.Ed.2d 351 (2004).

Following the denial of certiorari, County moved for a hearing on his § 2255 motion. The court granted County's motion and conducted an evidentiary hearing on April 5, 2005. County's counsel elicited testimony from County's father, Raymond County; County's sister, Tymica Trotter; and County himself (by telephone).

**B.     Analysis.**

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court recognized that "the right to counsel is the right to effective assistance of counsel," and held that in order to establish constitutionally ineffective assistance of counsel, a criminal defendant must demonstrate both that his counsel's performance was deficient, and that the deficient performance prejudiced him. *Id.* at 686-87; *see also Rompilla v. Beard,* 125 S. Ct. 2456, 2462 (2005) ("Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice, with performance being measured against an 'objective standard of reasonableness,' 'under prevailing professional norms.'") (citation omitted).

Under the first prong of *Strickland*:

> [T]he petitioner must show that counsel's conduct falls below the bounds of prevailing, objective professional standards. However, there is a presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of

---

[11]     Document 254 at pp. 1-4 (citations omitted).

reasonable professional judgment.

*Brown v. Dretke*, 2005 WL 1793347, at *6 (5th Cir. July 29, 2005). Scrutiny of counsel's decisions must be "highly deferential," and courts must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 1033, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994). *Strickland*'s second prong requires a petitioner to "show that, as a result of counsel's errors, his trial was rendered unfair or unreliable, *i.e.*, petitioner must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Brown*, 2005 WL 1793347, at *6. Petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under *Strickland*, 'that the errors had some conceivable effect on the outcome of the proceeding.'" *Motley*, 18 F.3d at 1226.

    **1.    Was trial counsel ineffective in advising County to plead guilty without investigation?**

County argues that his trial counsel was ineffective because he failed to investigate the fact that the government planned to file a Bill to establish County's prior convictions, and never advised County that he faced a minimum sentence of 20 years if he pleaded guilty. Because the court provided County with the opportunity to withdraw his guilty plea on March 26, 2003 after he was informed of the 20 year mandatory minimum sentence, he cannot establish any prejudice from his counsel's alleged failure to inform him prior to that time of the mandatory minimum term of incarceration.

Additionally, County argues that his counsel was ineffective in failing to investigate

whether the Title III wiretap on County's telephone was lawfully obtained, and speculates that if any facts justified attacking the Title III wiretap, this might have convinced the government to offer further concessions for a guilty plea (such as a promise not to file the Bill). The Fifth Circuit has held:

> When assessing the reasonableness of an attorney's investigation, we must "consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial.

*Miller v. Dretke*, 2005 WL 1785065, at *4 (5th Cir. July 28, 2005); *see also United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989) (applying same standard to claim that counsel failed to perform adequate investigation before guilty plea). County has not alleged with specificity what any additional investigation by his counsel into the wiretap would have revealed, and there is no evidence in the record that any such investigation would have changed the outcome of the plea negotiations or changed his decision to plead guilty.

Accordingly, the court finds that County's counsel was not ineffective in failing to investigate either the government's intention to file a Bill to establish his prior convictions or the circumstances surrounding the wiretap on his telephone.

> **2.  Was counsel ineffective in advising County not to withdraw his guilty pleas without investigation?**

County argues that his counsel was ineffective in advising him not to withdraw his guilty pleas on March 26, 2003. He argues that the only conceivable issue for appeal that his counsel preserved by advising him to plead guilty was the issue of whether the Bill had been properly served, and that this issue was completely unmeritorious. County further argues that because his

8

guidelines range, even without acceptance of responsibility, was from 168 to 210 months of incarceration, he had nothing to lose by withdrawing his guilty plea and proceeding to trial.

To demonstrate ineffective assistance of counsel in connection with his guilty plea, County must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133, 116 S.Ct. 957, 133 L.Ed.2d 880 (1996). "Simply alleging prejudice will not suffice." *Id.*

The presentence investigation report calculated County's Offense Level as 31, and his criminal history category as II. This resulted in a guidelines range of 121 to 151 months' imprisonment. Because the mandatory minimum sentence of imprisonment as to Counts One, Five, Six, and Seven was 240 months, this term became the guidelines sentence under U.S.S.G. § 5G1.1(b). County correctly points out that if he had proceeded to trial, he would have lost the three point deduction in his Offense Level for acceptance of responsibility, resulting in an incarceration range of 168 to 210 months.

However, the presentence investigation report declined to give County an enhancement to his Offense Level for any "Aggravating Role" in the offense under § 3B1.1 of the Sentencing Guidelines. If County had proceeded to trial, he could have received up to a four level enhancement had the jury determined that he was an "organizer or leader" of criminal activity, or a three level enhancement if the jury found him to be "a manager or supervisor (but not an organizer or leader)." *See* U.S.S.G. § 3B1.1(a) -(b). A four level enhancement would have given him an Offense Level of 38, with a guidelines range of 262 to 327 months imprisonment; a three level enhancement would have given him an Offense Level of 37, with a guidelines range

9

of 235-293 months imprisonment.  Although the presentence investigation report declined to increase his offense level, it stated that there were "some hints" that he may have "exercised influence over some of his coconspirators in his network."[12]

County presents no evidence that he would have insisted on proceeding to trial but for his counsel's errors.  Regardless of whether there was any merit to his appellate argument concerning service of the Bill, County could have received a greater term of incarceration if he had proceeded to trial.  *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) (evaluation of the *Strickland* prejudice prong "will depend at least partly upon whether [defendant] would have succeeded at trial."), *cert. denied*, 514 U.S. 1071, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995). County presents no evidence whatsoever that he could have been found innocent at trial, nor does he present any evidence that the jury could not have found facts supporting an aggravating role enhancement to his Offense Level.  By pleading guilty, County ensured that he would receive a sentence of 240 months under the guidelines.  He was informed before his plea that he would receive that sentence.  Had he gone to trial, he faced a potential sentence under the guidelines of up to 327 months imprisonment.  *See Armstead*, 37 F.3d at 211 (holding that defendant who pleaded guilty failed to show prejudice caused by his counsel's allegedly ineffective performance because the plea agreement was a "beneficial deal" compared to the possibility of lengthier sentence if defendant had proceeded to trial).  Because County cannot show that any alleged error on his counsel's part caused him any prejudice, the court finds that County cannot demonstrate that his counsel was ineffective in advising him not to withdraw his guilty plea.

---

[12] Presentence investigation report at p. 8.

C.   **Conclusions.**

Kevin County's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.

New Orleans, Louisiana this 12th day of August, 2005.

_____
**Mary Ann Vial Lemmon**
**United States District Judge**