UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 02-201 |
| KEVIN COUNTY | SECTION "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Kevin County's **Motion for Early Termination of Supervised Release** (Rec. Doc. 320) is **DENIED**.

County pleaded guilty on November 15, 2002 to counts 1-19 of a grand jury indictment charging him with conspiracy to distribute, distribution, and use of a communication facility to traffic cocaine base and cocaine hydrochloride. He was sentenced to 240 months of imprisonment and 120 months of supervised release. County has since been released from prison and is currently serving his term of supervised release, which he states will be completed by July 26, 2026. County argues that his good conduct and the lack of opposition from his parole officer justify early termination of his supervised release

Section 3583(e) of Title 18, in relevant part, sets forth the Court's statutory authority to terminate supervised release:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
> . . . .

18 U.S.C. § 3583(e)(1).

1

The factors to consider when to grant early termination of supervised release include "the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence. These are largely the same considerations the court must assess when imposing the original sentence." United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). "[T]he statute confers broad discretion" on the district court. Id.

County has not met his burden to justify early termination of supervised release. Indeed, County's only arguments are that (1) he has complied with the terms of his supervised release so far and (2) that his probation officer does not oppose it. He does not indicate what "conduct" the court should consider when evaluating his motion, nor does he argue that the "interest of justice" weighs in favor of early termination. While County's compliance with the terms of his supervised release thus far is commendable, and the court encourages him to continue to do so, this alone cannot justify early termination. See United States v. Hayes, 2013 WL 5328874, at *1 (E.D. La. 2013) (holding defendant's failure to present "extraordinary circumstances" resulted in denial of early termination).

The court also notes that County's crimes were serious ones, having distributed large quantities of crack and powder cocaine. Additionally, County committed the instant offenses four years after being released from federal prison for similar crimes. County has not met his burden under 18 U.S.C. § 3583(e)(1). Accordingly,

**IT IS HEREBY ORDERED** that defendant Kevin County's **Motion for Early Termination of Supervised Release** (Rec. Doc. 320) is **DENIED**.

New Orleans, Louisiana, this   13th day of July, 2021.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**