UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 02-201 |
| KEVIN COUNTY | SECTION: "S" |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Kevin County's **Motion for Early Termination of Supervised Release** (Rec. Doc. 326) is **GRANTED**.

BACKGROUND

Defendant Kevin County pleaded guilty on November 15, 2002 to counts 1-19 of a grand jury indictment charging him with conspiracy to distribute, distribution, and use of a communication facility to traffic cocaine base and cocaine hydrochloride. He was sentenced to 240 months of imprisonment and 120 months of supervised release. County has since been released from prison and is currently serving his term of supervised release, which he states will be completed by July 26, 2026. County has moved for early termination of his supervised release. The government opposes the motion. County's probation officer supports the motion, and has stated that he is a good candidate for early termination.

In support of his motion, County points out that he has been on supervised release for six years, and has complied with all required conditions. He has maintained employment since his release from prison, and is now 50 years old, married, and the father of a four-year old daughter. His probation officer has informed the court that over his term of supervised release, County has

had no incidents of non-compliance and has maintained stable housing and employment. She has also informed the court that County's supervised release is a barrier to his promotion to management in his current employment.

## DISCUSSION

Under title 18, section 3583(e)(1) of the United States Code, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. 18 U.S.C. § 3553(a).

The court has considered the applicable factors, and finds that termination of supervised release is warranted by the conduct of the defendant and the interest of justice. Defendant's offense is undoubtedly serious. However, during the nearly seven years of supervised release served to date, defendant has committed no supervised release violations and had no positive drug tests. He has also started and maintained a stable family and employment. Taken together, these facts convince the court that continued supervision will provide no additional deterrence of criminal activity or protection to the public. Moreover, in consultation with defendant's probation officer, the court has learned that defendant's supervised release status is an impediment to career advancement. The court finds this presents an undue hardship that further

establishes that the interest of justice weighs in favor of early termination. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Early Termination of Supervised Release** (Rec. Doc. 326) is **GRANTED**, and defendant's term of supervised release is hereby terminated.

New Orleans, Louisiana, this  27th  day of March, 2023.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**